

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA
MONTGOMERY COUNTY
KORMAN COMMUNITIES

*/ 9an 163 - FILE*

COMMON PLEAS CRIMINAL NO.: 25-19

v.                                    COMMON PLEAS CIVIL NO.: 2019-03162

MICAH A. SOLOMON

**FILED**

**MAR 18 2019**

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT**    *By KATE BARKMAN, Clerk*

**TO 28 U.S.C. §§ 1443(1)&(2) AND 1452**    *Dep. Clerk*

**Defendant,** Micah A. Solomon, pro se, respectfully moves this Honorable Court to removed
Pennsylvania Common Pleas Court Criminal Docket No. 25-19, Civil No. 2019-03162, and any
other related cases pending before any Court of the Commonwealth of Pennsylvania wherein
Defendant is named. In support of his Notice of Removal avers:

On or about January 28, 2019, Defendant Micah A. Solomon ("Solomon"), was informed by
Whitpain Township Police Department that a warrant for his arrest had been issued, charging
him with one count of "bad checks" in violation of 18 Pa. C. S. § 4105(a)(1). *See* Exhibit A.

On or about January 29, 2019, Solomon by agreement with Whitpain Police reported to
Magisterial District Court 38-1-21, to be arraigned and considered before the Honorable Suzan
Leonard ("Judge Leonard"). Solomon was advised by Detective Bradly Potter ("Det. Potter"), in
response to his inquiry about an attorney, that he did not need an attorney, Det. Potter also
advised Solomon not to inform his wife and her presence was unnecessary. Upon Solomon's
appearance, Judge Leonard served Solomon with a copy of the complaint and its attachments.
*See Id.*

Solomon was released after signing a $10,000 bail bond.

On or about February 1, 2019, Solomon filed a petition with the United States Bankruptcy Court
for the Eastern District of Pennsylvania, seeking protection under Chapter 12 of the United
States Bankruptcy Code ("Code"), but mistakenly marked the wrong box, which was Chap. 13
learned after its it filing. The Clerk of the Bankruptcy Court informed Solomon that he could not
file a petition because there was a bankruptcy still open. Solomon informed the Clerk that the
Bankruptcy had been dismissed by the Honorable Madeline Coleman and all appeals had been

*I*

dismissed also. The Clerk said that she did not see any of that and advised Solomon to mark the Petition as an amended filing which was time and date stamped but never docketed. *See* Exhibit B.

On or about February 4, 2019, a hearing was held on a Civil Complaint ("Civil Action") filed by Korman Communities ("Korman") seeking rent arrearages, associated incurred and prospective costs and fees. See Exhibit C. At the start of the hearing, Solomon informed Judge Leonard that a criminal complaint and preliminary hearing were pending before Judge Leonard based on the same facts as those in the Civil Action and that Solomon had not sought legal advice of counsel concerning the criminal case, and therefore did not know how to proceed in the Civil Action and thought it best that he exercise his right to remain silent and not incriminate himself. Judge Leonard told unsworn testimony from a representative of Korman and stated that she would notify the parties of what she was going to do, since Solomon had filed bankruptcy but admonished Solomon that he should have filed the bankruptcy sooner and that if she decides wrongly that was what appeals were for. At this point Judge Leonard adjourned the hearing on the Civil Action without entering a judgment.

On or about February 15, 2019, Solomon learned that Judge Leonard had entered judgment in favor of Korman in the Civil Action. Solomon contacted Judge Leonard's office inquiring why weren't Solomon or his wife notified that Judge Leonard had entered her judgment or served with a copy. Judge Leonard got on the phone after Solomon complained that the time for appeal under Pennsylvania law had tolled and would end at 4:00pm that day and that an appeal required a copy of Judge Leonard's judgment. Judge Leonard first wrongly informed Solomon that he had 30 days to appeal. But then corrected herself and informed that Solomon had 10 days after he received a copy of the judgment, Solomon informed Judge Leonard that the Courts had made it cleared that Appellant's right to appeal a judgment tolled the day the judgment was entered. Solomon pleaded with Judge Leonard for a copy of the judgment so that he could try to get to the Prothonotary's Office before 4:00pm. Solomon received a copy of the judgment via email early afternoon. *See* Exhibit D.

Solomon called the Prothonotary's Office to inform them of what happened and that he was in route to the Prothonotary's Willow Grove Office, Solomon was informed only upon arrival at the Willow Grove Office that the appeal had to be filed at the main office at the Montgomery County Courthouse and that the judges had left at 3:00-3:30PM that day and Solomon would had to instead have to file a Petition Nunc Pro Tunc. On the next business day of the Court which would be February 19, 2019.

On or about February 19, 2019, Solomon went to the Montgomery County Courthouse and was granted permission to file his appeal as of the February 15, 2019 deadline, only if Solomon pay three months rent or otherwise seek informa pauperis relief, which would require a lower payment and stay the eviction. Having contacted the Veteran's Administration Office ("VA"), Solomon was informed by the VA rep that they would pay the back rent and assist with helping Solomon and his family finding more affordable housing, with this payment the Prothonotary's Office informed that the VA must forward the next payment to the Prothonotary's Office instead of Korman.

2

On or about February 27, 2019, Solomon received Korman's complaint attached was a copy of a Corporate Lease signed by Ms. Solomon and Joyce Lang. This being the first time Solomon had ever seen the lease or knew of its existence as Solomon admonished Korman about quoting lease sections in letters and/or emails that there was an alleged breach. Even after repeated request for a copy of the lease, Korman never gave Solomon or Ms. Solomon a copy. *See* Exhibit E.

A brief look over of the lease informs that Solomon is not a party to the Lease, yet Solomon has been the recipient of all correspondence concerning the Lease and payments, even Judge Leonard's judgment is addressed solely to Solomon. *See* Exhibit D.

On or about March 14, 2019, Solomon appeared before a preliminary hearing on the Criminal Action initiated by Korman. Having contacted attorney Geoffrey Hood seeking representation in all of Solomon's criminal matters, not having paid Mr. Hood's retainer he did not enter his appearance but instead advised that Solomon ask for a continuance and inform Judge Leonard that Solomon had talked to him and that Mr. Hood was awaiting for payment to enter his appearance as counsel for Solomon. Solomon requested the aforementioned continuance which was summarily denied after Judge Leonard stated she never heard of attorney Geoffrey Hood. Judge Leonard then told Solomon that he could proceed pro se or waive his preliminary hearing. Solomon informed that he did not want either of those choices. Judge Leonard asked Solomon what his decision was going to be. Solomon asked that the Judge note his objection on the continuance of the preliminary hearing and having to proceed without counsel. Further, Solomon asked that the witnesses be sequestered, this request was also denied. Solomon asked that he be allowed to record the proceedings with his phone so that he could attempt to make a record suitable for any review. Unbeknownst to Solomon the recording had to be manually started every three (3) to four (4) minutes. So, the recordings is missing some objections, and testimony pertinent to this Court's review or even the Court of Common Pleas. Such testimony includes the Korman witnesses not remembering if Solomon was alone when he allegedly came into the office and allegedly gave someone in the office the check in question. Giving Solomon's charge and its elements and the presumptions of the statute. Whether Solomon actually gave anyone a check was of utmost importance. The Commonwealth bears the burden of making a "prima facie" showing that Solomon committed the elements of the crime. Meaning Solomon's presence in the office and not ever having custody and therefore cannot be said to have been the issuer or passer, nor could it be said that if there is a "constructive" passing or issuing by his mere presence, guilty knowledge and intent does not necessarily follow. But a well trained attorney would have been allowed cross-examine witnesses better than Solomon who is emotionally vested thus subjective questioning could creep in whereas trained counsel would know how to elicit facts needed to either argue for a dismissal of the charge for lack of evidence or properly save on the record appealable errors by the Judge Leonard. In any regard Solomon's case be summed up and his grounds for removable can be stated as follows:

1. Solomon was denied the right to counsel in violation of the Sixth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment. But not solely because of the denial of Solomon's request for a continuance at the preliminary hearing. But the Supreme Court of the United States has doubled down and

continuously extended whether the Court was liberal or conservative, on the importance of the right of counsel as early as Solomon's first appearance where he learns of the charges and being considered for bail. *See generally Rothgery v. Gillespie County*, 554 U.S. 191 (2008)(holding that "[Solomon]'s" right to counsel attached at his initial appearance before Judge Leonard by agreement with Whitpain Police Department especially where as here the Commonwealth represented by Detective Potter, advised Solomon that he did not need counsel). In that case the record did not indicate whether the police officer there had any power to commit the State to prosecute without a prosecutor's knowledge or involvement. Here, in Montgomery County, at the preliminary hearing it is the arresting officer that acts as the public prosecutor a practice not uniformly practice in all counties of the Commonwealth. Here also Judge Leonard knew of Solomon's plight whereas he appeared before the Judge in the Civil Action brought by Korman who was also initiator of the criminal case based on the same facts. These facts and the overall right of counsel of one's choice or appointed counsel is belied by the Pennsylvania Supreme Court's ruling in *Kuren v. Luzerne County,* a 2016 case allowed for prospective cause of action on grounds that the State cannot provide the Sixth Amendment right to counsel where there is a systematic likelihood of a constructive denial of counsel contrary to the United States Supreme Court's *Cronic* ruling where it was stated "[o]f all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." *Id*. Thus, Montgomery County like Luzerne County suffers from the same sickness because even where the Pennsylvania Supreme Court allowed a class action against Luzerne County, it changed its stripes temporarily, and was back to its old ways once oversight broke down once again. Congress has endowed this Court with jurisdiction for removal of Solomon's criminal case to this Court where his civil rights are violated in the State Court and Solomon cannot avail himself of such a denial or enforce his right to equal protection because the State's Supreme Court has only provided a prospective cause of action by way of a §1983 suit which is a federal statute. The systems, or often lack of systems, that states use to provide the constitutional right to an attorney to poor people are described by the DOJ as "**inadequate**," "**broken**," and "**unjust**," with "**devastating**" consequences both for the defendant and for society as a whole. The situation is "**unacceptable**," "**unconscionable**" "**morally untenable**," "**economically unsustainable**," and "**unworthy of a legal system that stands as an example to all the world**." For all of the reasons stated above Solomon asks this Court to take jurisdiction of his case where this Court can better insure and be watchful that Solomon's constitutional rights are not violated. Solomon asks this Court to also removed any associated cases criminally and civilly. The Civil Action is set forth above but grounds for removal are set forth below:

2. 28 U.S.C. § 1452, clothes this Court with authority to remove the Civil Action here, as it relates to a bankruptcy case. It cannot be said this case is not outside the purview of § 1452, and § 1334, here Solomon filed Chapter 7 Bankruptcy in October, 2017, after filings and hearings and appeals. The Bankruptcy Court for the Eastern district of Pennsylvania never ruled on Solomon's claim that he was entitled to Bankruptcy

Protection under Chap. 12 of the Code. As Solomon tried to explain back then but his grandmother's death had only occurred approximately three months earlier and Solomon becoming a beneficiary of income which counted for more than 50% of his income was from operation of family farms then it was not totally clear just how much Solomon's family would fully receive it was even more unclear of the scope the family farming operations and how payment was received. In recent months, Solomon received notice of land trust and other trusts that were set up by Solomon's ancestors which trusts were administered to certain members of the family that met certain criteria, but which trusts also forbade those trusts from becoming part of any public record as a protection against their administering being control by a Court because of in fighting. It's existence now known because of a data breach by the Trustee has started to cause bankruptcy filings by other beneficiaries as family members personal information including, ssn, date of birth license numbers, and other private information were posted on a website, some papers were physically removed from the Trustee's office and the Trust Accounts had been pilferage along with trust beneficiaries personal and/or business accounts were also missing significant amounts of money causing trust payments to diminish and recently stopped altogether, but certain other causes of reduction of produce such as "wild hogs" destroying freshly turned soil and crops. As, property owned in this Court's jurisdiction is being subjected to foreclosures proceedings and the first bankruptcy filing was filed in this jurisdiction. *See In Re Katie Balls*, Case No. 19-10952. If Solomon's 2017 filing was not ripe, here his February 1, 2019 filing is within this Court's jurisdiction and the merits of whether Solomon's Chap. 12 filing is prohibited, under the Code must be accepted or denied but not completely disregarded. Under the code if an individual is not prohibited by statute to file under any Chap. Of the Code the automatic stay must be enforced. It is this Court exclusive authority to determine whether Congress intended certain Chapters of the Code to be applicable or not applicable. As such Solomon, asks this Court to reach the merits of his February 1, 2019 filing and determine its claims and enforce the automatic stay as it dictates and vacate Judge Leonard's judgment as invalid. As her jurisdiction is determined by both Federal and State law, the law of the Commonwealth prohibits her entering judgment in the face of a Bankruptcy filing.

**WHEREFORE,** Defendant Micah A. Solomon, pro se, respectfully prays that this Honorable Court will issue an order removing his criminal case and any related cases and the Civil action to this Court's jurisdiction as described above.

This ___/8___ day of ___March___, 2019.

Respectfully Submitted,

Micah A. Solomon

5

# EXHIBIT - A

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY



# FINGERPRINT ORDER

| | |
|---|---|
| Mag. Dist. No: | MDJ-38-1-21 |
| MDJ Name: | Honorable Suzan Leonard |
| Address: | 653 Skippack Pike<br>Suite 101<br>Blue Bell, PA 19422 |
| Telephone: | 215-646-8201 |

Plymouth Township Police Dept
700 Belvoir Rd
Plymouth Meeting, PA 19462

DOB: ▓▓▓▓▓         DL: 28443539
Incident No: 201902011

Offense Date: 01/22/2019   Officer: 28283 Potter, Bradly F.
YOU HAVE BEEN CHARGED WITH THE OFFENSE OF:

Commonwealth of Pennsylvania
v.
Micah A Solomon

Docket No:   MJ-38121-CR-0000025-2019
Case Filed:   1/29/2019
OTN:   U 673221-3

Type of Case:
[ ] Retail Theft
[X] Police Prosecution (Summons)
[ ] Private Prosecution (Convictions)
PA0463300 - Whitpain Township Police Dept
(Citing Authority)

| Charge(s) | |
|---|---|
| 18 § 4105 §§ A1 (Lead) | Bad Checks |

| | | | |
|---|---|---|---|
| BETWEEN THE DATES OF: | 01/30/2019<br>(Date) | AND | 02/14/2019<br>(Date) |

YOU ARE HEREBY ORDERED TO REPORT TO:     Plymouth Township Police Dept
700 Belvoir Rd
Plymouth Meeting, PA 19462

TO BE FINGERPRINTED IN ACCORDANCE WITH THE CRIMINAL HISTORY RECORD INFORMATION ACT, 18 Pa.C.S. § 9112.

## THIS ORDER MUST BE PRESENTED AT THE TIME OF FINGERPRINTING.

_____
(Signature of Defendant)
(In the presence of Issuing Authority or Fingerprinting Official)

_____
(Signature of Official Taking Fingerprints)

January 30, 2019                *Suzan Leonard*
_____    _____
Date                            Magisterial District Judge Leonard

INSTRUCTIONS TO FINGERPRINTING AGENCY

Under the Criminal History Record Information Act, 18 Pa.C.S. § 9112, you are to fingerprint the defendant named in this order. Record the OTN on the fingerprint card, and forward the completed fingerprint card to the Pennsylvania State Police, Central Repository, 1800 Elmerton Avenue, Harrisburg, PA 17110. This form should be signed by the defendant and the fingerprinting official, and shall accompany the fingerprint card on retail theft cases. On retail theft cases, the state police will classify the fingerprints and determine whether the defendant has any prior retail theft convictions. Findings will be forwarded to the police department and the judge named above on police prosecutions, or to the judge only on private prosecutions. On all other cases, this form shall be returned to the issuing authority.

RESULTS OF PENNSYLVANIA STATE POLICE RECORD SEARCH:

[ ] NO RECORD OF RETAIL THEFT CONVICTIONS      [ ] DEFENDANT HAS _____ PREVIOUS CONVICTION(S) FOR RETAIL THEFT

STATE IDENTIFICATION NUMBER ___ ___ ___ - ___ ___ - ___ ___ ___ - ___

FREE INTERPRETER
www.pacourts.us/language-rights
215-646-8201

COMMONWEALTH OF
PENNSYLVANIA
COUNTY OF: MONTGOMERY

**POLICE CRIMINAL COMPLAINT**
**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

Magisterial District Number: 38-1-21
MDJ Name:  Hon. SUZAN LEONARD
Address:   653 SKIPPACK PIKE STE 101
           BLUE BELL, PA. 19422-1793
Telephone:  (215) 646-8201

**DEFENDANT:** *(NAME and ADDRESS):*

| MICAH | A | SOLOMON | |
|---|---|---|---|
| First Name | Middle Name | Last Name | Gen. |

1510 MEADOW DR, BLUE BELL, PA 19422

## NCIC EXTRADITION CODE TYPE

| | | | | |
|---|---|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pend. | ☒ C-Misdemeanor Surrounding States | ☐ Distance: |
| ☐ 2-Felony Ltd. | ☐ 6-Felony Pend. Extradition Determ. | ☐ D-Misdemeanor No Extradition | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending | |
| ☐ 4-Felony No Ext. | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition Determ. | |

## DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed 01/29/2019 | OTN/LiveScan Number | Complaint/Incident Number 2019-02011 | Request Lab Services? ☐ YES  ☒ NO |
|---|---|---|---|---|

| GENDER | DOB : | POB : UNITED STATES | Add'l DOB : | Co-Defendant(s) ☐ |
|---|---|---|---|---|
| ☒ Male | | First Name | Middle Name | Last Name | Gen. |
| ☐ Female | AKA | | | |

| RACE | ☐ White | ☐ Asian | ☒ Black | ☐ Native American | ☐ Unknown |
|---|---|---|---|---|---|
| ETHNICITY | ☐ Hispanic | | ☒ Non-Hispanic | | ☐ Unknown |

| HAIR COLOR | ☐ GRY (Gray) | ☐ RED (Red / Aubn.) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☒ BLK (Black) | ☐ ONG (Orange) | ☐ WHI (White) | ☐ XXX(Unk/Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☐ BLN (Blonde / Strawberry) | | | | | |

| EYE COLOR | ☐ BLK (Black) | ☐ BLU (Blue) | ☒ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) |
|---|---|---|---|---|---|
| | ☐ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |

| DNA | ☐ YES  ☒ NO | DNA Location : | | WEIGHT (lbs.) 200 |
|---|---|---|---|---|
| FBI Number | 690051RA5 | | MNU Number | |
| Defendant Fingerprinted | ☐ YES  ☒ NO | | | HT HEIGHT In. |
| Fingerprint Classification: | | | | 6 | 00 |

## DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comm'l Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. Sameas |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | Def. ☐ |

Office of the Attorney for the Commonwealth  ☐ Approved  ☐ Disapproved    because:
*(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa R.Crim.P.507.)*

_____     _____     _____
(Name of Attorney for Commonwealth – Please Print or Type)     (Signature of Attorney for Commonwealth)     (Date)

I,  BRADLY POTTER                                        28283/38
(Name of Affiant – Please Print or Type)                 (PSP/MPOETC - Assigned Affiant ID Number & Badge #)

of  WHITPAIN TWP PD                                     PA0453300
(Identify Department or Agency Represented and Political Subdivision)     (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☐   I accuse the above named defendant who lives at the address set forth above
   ☐   I accuse the defendant whose name is unknown to me but who is described as _____

   ☐   I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
       therefore designated as John Doe or Jane Doe
       with violating the penal laws of the Commonwealth of Pennsylvania at:    45225          WHITPAIN TOWNSHIP
                                                                          (Subdivision Code)     (Place-Political Subdivision)
       1560 WICK LN, BLUE BELL, PA 19422

   in  MONTGOMERY          46          on or about   01/22/2019 12:32
       County              (County Code)             (Offense Date)

𝒳

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>01/29/2019 | OTN/LiveScan Number | | Complaint/Incident Number<br>2019-02011 |
|---|---|---|---|---|
| Defendant Name | First:<br>MICAH | | Middle:<br>A | Last:<br>SOLOMON |

**The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.**
(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | | ☐ Conspiracy<br>18 903 | | Number of Victims Age 60 or Older | | | |
|---|---|---|---|---|---|---|---|---|---|

| ☐ | 1 | 4105 | A1 | of the | 18 PA P.S.A | 1 | M1 | 2606 | 90A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance): BAD CHECKS

Acts of the accused associated with this Offense: See probable cause

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | | ☐ Conspiracy<br>18 903 | | Number of Victims Age 60 or Older | | | |
|---|---|---|---|---|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | | ☐ Conspiracy<br>18 903 | | Number of Victims Age 60 or Older | | | |
|---|---|---|---|---|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):

Acts of the accused associated with this Offense:

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 01/29/2019 | OTN/LiveScan Number | Complaint/Incident Number 2019-02011 |
|---|---|---|---|
| Defendant Name | First: MICAH | Middle: A | Last: SOLOMON |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered 1 through 5.

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

BRADLY POTTER _____    01/29/2019 _____    _____
                                                                                                                         (Date)                                          (Signature of Affiant)

AND NOW, on this date _____ I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

38-1-21 _____    _____
(Magisterial District Court Number)                        (Issuing Authority)

SEAL

10

# 🏛 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>01/29/2019 | OTN/LiveScan Number | | Complaint/Incident Number<br>2019-02011 |
|---|---|---|---|---|
| **Defendant Name** | First:<br>MICAH | | Middle:<br>A | Last:<br>SOLOMON |

## AFFIDAVIT of PROBABLE CAUSE

On Tuesday January 22, 2019 at approximately 1232 hours, Officer Matthew Frank (Whitpain Township Police Department) met with Emily Dorner. Dorner is the Assistant Manager at Blue Bell Villas, 1560 Wick Lane, Blue Bell, PA. 19422, Whitpain Township, Montgomery County. Dorner stated a resident, Micah Solomon, has not paid his rent for December 2018 or January 2019. Dorner said Solomon moved in at the end of September 2018 and was able to pay the rent for the month of October 2018. In November 2018, Blue Bell Villas received a check for Solomon's November 2018 rent. This check, written by Major Constructions LLC, out of Philadelphia, was numbered 1801005, drawn on Bank of America for the amount of $3,800.00 (three thousand and eight hundred dollars). This check was returned to Blue Bell Villas stating "invalid/closed account". Solomon was notified the check was not valid and later supplied Blue Bell Villas with a valid money gram payment for the November 2018 rent.

Dorner received Solomon's December 2018 rent check. This check was written by Shaafeeq Marshall, out of Philadelphia Pennsylvania, numbered 2093, drawn on The Police and Fire Federal Credit Union. This check was in the amount of $4,000.00 (four thousand dollars). Dorner said this check was also returned by the bank, for the account being "invalid". Blue Bell Villas Manager, Joyce Lang, sent a letter to Micah Solomon (1510 Meadow Drive) requesting he pay the December 2018 and January 2019 rent.

On Wednesday January 16, 2019, Solomon went to Blue Bell Villas Office to discuss the checks. Solomon said it was a misunderstanding and he gave Dorner a check for the December 2018 and January 2019 rent. The check that Solomon handed to Dorner was a Cashier's Check from PNC Bank. The check was for the amount of $7,856.35 (seven thousand eight hundred fifty-six dollars and thirty-five cents). The check is numbered 05750981 and was remitted by Lisa Williams. Dorner stated she took this check to a PNC Bank and the teller confirmed that the check was fraudulent. Blue Bell Villas is owed $7,968.75 for rent fees, returned check fees and late fees, that Solomon has not paid.

Based upon the facts set forth, I respectfully request a warrant be issued for Micah Solomon.

I, BRADLY POTTER, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

Sworn to me and subscribed before me this _____ day of _____ 2019

_____ Date

(Signature of Affiant)

_____, Magisterial District Judge

| OTN: U 673221-3 | Docket No: Court No: MDJ-38-1-21 | MJ-38121-CR-0000025-2019 | Date of Charges: 01/22/2019 |
|---|---|---|---|

| Def Name/Address: Micah A Solomon 1510 Meadow Dr Blue Bell, PA 19422 | Next Court Action: Preliminary Arraignment 01/30/2019 9:00 am | Magisterial District Court 38-1-21, Blue Bell 653 Skippack Pike Suite 101 Blue Bell, PA 19422 215-646-8201 |
|---|---|---|

**LEAD OFFENSE**

18 § 4105 §§ A1 Bad Checks

ADDITIONAL CHARGES MAY EXIST, PLEASE SEE ADDITIONAL CHARGES PAGE

**TYPE(S) OF RELEASE:**

☐ ROR   ☒ Unsecured Bail   ☐ Nonmonetary Condition(s) (see additional page(s))

☐ Nominal Bail   ☐ Monetary Condition(s) in the amount of _____

**THE CONDITIONS OF THIS BAIL BOND ARE AS FOLLOWS:**

1. The defendant must appear at all times required until full and final disposition of the case(s).
2. The defendant must obey all further orders of the bail authority.
3. The defendant must provide a current address and must give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change.
4. The defendant must neither do, nor cause to be done, nor permit to be done on his or her behalf, any act as proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. § 4952, 4953.
5. The defendant must refrain from criminal activity.
6. The defendant must comply with any fingerprint order, if any is issued by this court.

I verify that the above conditions of bail have been imposed.

_Susan Leonard_

January 30, 2019

Date

Magisterial District Judge Leonard

**TYPES OF SECURITY:**

☐ Cash/Equivalent   ☐ Gov't Bearer Bond   ☐ Realty within Commonwealth

☐ _____ % Cash   ☐ Surety Bond   ☐ Realty outside Commonwealth

TOTAL AMOUNT BAIL SET (IF ANY): $10,000.00   (see sureties page)

**BAIL DEPOSITOR(S)**

Depositor Name                                    Amount

This bond is valid for the entire proceedings and until full and final disposition of the case including all avenues of direct appeal to the Supreme Court of Pennsylvania.

I AGREE THAT I WILL APPEAR AT ALL SUBSEQUENT PROCEEDINGS AS REQUIRED AND COMPLY WITH ALL THE CONDITIONS OF THE B BOND.

THIS BOND SIGNED ON _January 30 2019_

at _Blue Bell_, Pennsylvania

_Micah A. Solomon_
Signature of Defendant

Signature of Witness

_____ (Surety)

_____ (Surety)

Defendant's Address:

_____

_____

_12_

PLEASE SEE ATTACHED PAGES FOR ADDITIONAL INFORMATION.



FREE INTERPRETER
www.pacourts.us/language-rights
215-646-8201

# SURETY INFORMATION PAGE

Commonwealth of Pennsylvania

Micah A Solomon

| OTN: U 673221-3 | Docket No: MJ-38121-CR-0000025-2019 | Date of Charges: 01/22/2019 |
|---|---|---|
| | Court No: MDJ-38-1-21 | |

| Def Name/Address: Micah A Solomon<br>1510 Meadow Dr<br>Blue Bell, PA 19422 | Next Court Action:<br>Preliminary Arraignment<br>01/30/2019 9:00 am | Magisterial District Court 38-1-21, Blue Bell<br>653 Skippack Pike<br>Suite 101<br>Blue Bell, PA 19422<br>215-646-8201 |
|---|---|---|

I, _____, the undersigned surety, have posted security in the amount of $0.00.

**UNSECURED BAIL**

**TYPES OF SECURITY:**

| | | |
|---|---|---|
| ☐ Cash/Equivalent | ☐ Gov't Bearer Bond(s) | ☐ Realty w/in Commonwealth |
| ☐ _0_ % Cash | ☐ Surety Bond | ☐ Realty outside Commonwealth |

I have read this information, and I acknowledge that I, my personal representatives, successors, heirs and assigns are jointly and severally bound with Micah A Solomon and any other sureties to pay to the Commonwealth of Pennsylvania the sum of **$10,000.00**, which is the full amount of the monetary condition of release in the event the bail bond is forfeited.

I understand that when a monetary condition of release is imposed, if Micah A Solomon appears at all times required by the court and satisfies all the other conditions set forth in the bail bond, then upon full and final disposition of the case, this bond shall be void. If Micah A Solomon fails to appear as required or to comply with the conditions of the bail bond, then this bond shall remain in full force, and the full sum of the monetary condition of release may be forfeited, Micah A Solomon release may be revoked, and a warrant for Micah A Solomon arrest may be issued.

**WARRANT OF ATTORNEY: RECOGNIZING THAT I AM WAIVING CERTAIN IMPORTANT RIGHTS, INCLUDING THE RIGHT OF PREJUDGMENT NOTICE AND HEARING**, in accordance with the law, I do hereby empower any attorney of any court of record within the Commonwealth of Pennsylvania or elsewhere to appear for me at any time, and with or without declarations filed, and whether or not Micah A Solomon be in default, to confess judgment against me, and in favor of the Commonwealth of Pennsylvania for use of the county, and its assigns, during any term or session of a court of record of the county for the full amount of the monetary condition of release set forth on the first page of this bail bond, and costs. I understand that any real estate which I have posted as security in this case may be levied upon to collect the amount confessed. I waive and release any right of inquisition on that real estate, voluntarily condemn it, and authorize the Prothonotary, upon a Writ of Execution, to enter my voluntary condemnation. I also agree that any real estate posted by me in this case may be sold on a Writ of Execution. I hereby forever waive and release any and all errors which may arise in any proceeding to confess judgment in this case, waive all rights of stay of execution, and waive all laws now in force or laws passed in the future which exempt real or personal property from execution.

Since a copy of the bail bond and warrant of attorney is being filed in the defendant's case, it shall not be necessary to file the original as a warrant of attorney, notwithstanding any law or rule of court to the contrary.

Any surety who is not the defendant on the case must report any violation of any bail bond condition in accordance with 42 Pa.C.S. § 5750.

I, _____, verify that the facts set forth in this form are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. Section 4904) relating to unsworn falsification to authorities.

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

X _Micah A Solomon_ _____       _____

(Signature of Defendant or Surety)                              (Address of Surety, Surety Company or Defendant)

_____

(Witness / Bail Authority)

* Refund of all bail (less any bail-related fees or commissions allowed by law and reasonable costs, if any, of administering the percentage cash bail program) will be made within 20 days after full and final disposition (Pa.R.Crim.P. 535).
* Bring Cash Bail Receipt to Clerk of Courts or Issuing Authority.

_13_

AOJS 414A5
ited: 01/30/2019 8:41:23AM

**FREE INTERPRETER**
www.pacourts.us/language-rights
215-646-8201

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL ACTION

DISTRICT COURT NO. _____38-1-21_____

### NOTICE TO APPEAR FOR ARRAIGNMENT

TO: *Micah A Solomon*
   Defendant

TO: _____
   Bondsman

DOCKET NO.: *42-25-19*    OTN#: *U673221-3*

You have been charged with the following criminal offense(s):

The Bill(s) of Information charging you with the offense(s) shown above will be presented to the Court of Common Pleas, Montgomery County, Pennsylvania.

You must appear in person on _____ promptly at 9:30 a.m., in Video Room #1, Courthouse, Norristown for Arraignment on the above matter.

If you have an attorney, your appearance in court on the above date may be waived by the filing of a "Waiver of Arraignment" signed by you and your attorney prior to the appearance date. When a waiver has been filed, a plea of "Not Guilty' will be entered on the Bill(s) of Information filed by the Commonwealth.

### RIGHT TO AN ATTORNEY

You have the right to be represented by an attorney of your own choice, or you may represent yourself. If you are without sufficient financial resources or otherwise unable to employ an attorney, you should immediately make an application to the Office of the Public Defender, Courthouse, Norristown for representation.

All Court notices will be sent to the address on your criminal complaint. If your residence changes, **including a prison change**, you **MUST** advise **IN WRITING** the Clerk of Courts, Courthouse, P.O. Box 311, Norristown, PA 19404-0311 and the Court Administrator's Office – Criminal Division, Courthouse, P.O. Box 311, Norristown, PA 19404-0311. You should retain proof that you advised the Clerk of Courts and the Court Administrator's Office of the address change.

### IF YOU FAIL TO APPEAR FOR YOUR ARRAIGNMENT, A BENCH WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOUR BOND WILL BE FORFEITED.

I acknowledge receipt of this notice on _____

_____
Signature of Defendant

*Micah A. Solomon*
Print Name of Defendant

4-part

MDJ0001
R: 6/20/2014

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL ACTION

DISTRICT COURT NO. _____ 38-1-21 _____

### NOTICE TO APPEAR FOR ARRAIGNMENT

TO: *Micah A. Solomon*
Defendant

TO: _____
Bondsman

DOCKET NO.: *CR-25-19* OTN#: *U6 73221-3*

You have been charged with the following criminal offense(s):

The Bill(s) of Information charging you with the offense(s) shown above will be presented to the Court of Common Pleas, Montgomery County, Pennsylvania.

You must appear in person on _____ *5/8/19* _____ promptly at 9:30 a.m., in Video Room #1, Courthouse, Norristown for Arraignment on the above matter.

If you have an attorney, your appearance in court on the above date may be waived by the filing of a "Waiver of Arraignment" signed by you and your attorney prior to the appearance date. When a waiver has been filed, a plea of "Not Guilty" will be entered on the Bill(s) of Information filed by the Commonwealth.

### RIGHT TO AN ATTORNEY

You have the right to be represented by an attorney of your own choice, or you may represent yourself. If you are without sufficient financial resources or otherwise unable to employ an attorney, you should immediately make an application to the Office of the Public Defender, Courthouse, Norristown for representation.

All Court notices will be sent to the address on your criminal complaint. If your residence changes, **including a prison change**, you **MUST** advise **IN WRITING** the Clerk of Courts, Courthouse, P.O. Box 311, Norristown, PA 19404-0311 and the Court Administrator's Office – Criminal Division, Courthouse, P.O. Box 311, Norristown, PA 19404-0311. You should retain proof that you advised the Clerk of Courts and the Court Administrator's Office of the address change.

**IF YOU FAIL TO APPEAR FOR YOUR ARRAIGNMENT, A BENCH WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOUR BOND WILL BE FORFEITED.**

I acknowledge receipt of this notice on *March 14, 2019*

*Refused to sign*

_____
Signature of Defendant

*Micah A. Solomon*
Print Name of Defendant

15

4-part

MDJ0001
R: 6/20/2014

# EXHIBIT - B

ſ6

| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| _Einstein_ District of _Pennsylvania_ | |
| Case number (if known): _17-16935_ | Chapter you are filing under: |
| | ☐ Chapter 7 |
| | ☐ Chapter 11 |
| | ☐ Chapter 12 |
| | ☑ Chapter 13 |



FILED

FEB - 1 2019

BY: TIMOTHY McGRATH, CLERK
_____ DEP CLERK

☑ Check if this is an
amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy   12/17

The bankruptcy forms use _you_ and _Debtor 1_ to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a _joint case_—and in joint cases, these forms use _you_ to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be _yes_ if either debtor owns a car. When information is needed about the spouses separately, the form uses _Debtor 1_ and _Debtor 2_ to distinguish between them. In joint cases, one of the spouses must report information as _Debtor 1_ and the other as _Debtor 2_. The same person must be _Debtor 1_ in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | _Micah_ <br> First name | First name |
| | _A._ <br> Middle name | Middle name |
| Bring your picture identification to your meeting with the trustee. | _Solomon_ <br> Last name | Last name |
| | Suffix (Sr., Jr., II, III) | Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** | First name | First name |
| Include your married or maiden names. | Middle name | Middle name |
| | Last name | Last name |
| | First name | First name |
| | Middle name | Middle name |
| | Last name | Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – _8_ _1_ _2_ _3_ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ |

_17_

Debtor 1    *Micah A. Solomon*
         First Name    Middle Name         Last Name

Case number *(if known)* _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br>Include trade names and *doing business as* names | ☑ I have not used any business names or EINs.<br><br>Business name<br><br>Business name<br><br>EIN _ _ – _ _ _ _ _ _ _<br><br>EIN _ _ – _ _ _ _ _ _ _ | ☐ I have not used any business names or EINs.<br><br>Business name<br><br>Business name<br><br>EIN _ _ – _ _ _ _ _ _ _<br><br>EIN _ _ – _ _ _ _ _ _ _ |

| **5. Where you live** | | **If Debtor 2 lives at a different address:** |
|---|---|---|
| | Number    Street<br><br><br>City            State    ZIP Code<br><br>County | Number    Street<br><br><br>City            State    ZIP Code<br><br>County |
| | If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address. | If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address. |
| | Number    Street<br><br>P.O. Box<br><br>City            State    ZIP Code | Number    Street<br><br>P.O. Box<br><br>City            State    ZIP Code |

| **6. Why you are choosing *this district* to file for bankruptcy** | Check one:<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>    (See 28 U.S.C. § 1408.) | Check one:<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>    (See 28 U.S.C. § 1408.) |
|---|---|---|

Debtor 1 ___Micah A. Salomen___
First Name   Middle Name   Last Name

Case number (if known) _____

## Part 2:  Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

☑ Chapter 7

☐ Chapter 11

☒ Chapter 12

☐ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☒ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☒ Yes. District _East of PA_ When _11/26/2013_ Case number _13-20354_
                                        MM / DD / YYYY

District _East of PA_ When _10/04/2017_ Case number _17-16935_
                                        MM / DD / YYYY

District _____ When _____ Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☒ No

☐ Yes. Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                                        MM / DD / YYYY

Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                                        MM / DD / YYYY

**11. Do you rent your residence?**

☐ No. Go to line 12.

☒ Yes. Has your landlord obtained an eviction judgment against you?

☒ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1  _Micah A. Solomon_
First Name   Middle Name   Last Name

Case number (if known) _____

## Part 3:  Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☒ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number      Street

_____

_____
City                          State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can sot appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, atatement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☒ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4:  Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☒ No

☐ Yes.  What is the hazard?  _____

_____

If immediate attention is needed, why is it needed?  _____

_____

_____

Where is the property?  _____
                        Number      Street

_____

_____
City                          State        ZIP Code



Debtor 1  Mycah A. Sabadan
    First Name   Middle Name   Last Name

Case number (if known)_____

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☒ **I am not required to receive a briefing about credit counseling because of:**

☒ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1   MICAH A. SOLSWEN
            First Name   Middle Name   Last Name

Case number (if known) _____

## Part 6:   Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☒ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☒ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☒ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☒ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341,,1519, and 3571.

✗ _Micah A. Solswen_            ✗ _____
Signature of Debtor 1              Signature of Debtor 2

Executed on 02 / 04 / 2019        Executed on _____
             MM / DD / YYYY                      MM / DD / YYYY

Debtor 1 ___Micah A. Solomon___
    First Name    Middle Name    Last Name

Case number (if known)_____

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____   Date _____
Signature of Attorney for Debtor             MM  /  DD / YYYY

_____
Printed name

_____
Firm name

_____
Number   Street

_____

_____
City               State    ZIP Code

Contact phone _____    Email address _____

_____
Bar number            State

23

Debtor 1 ___*Micah A. Solomon*___

First Name   Middle Name   Last Name

Case number (if known)_____

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but you **should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☒ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☒ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☒ No

☐ Yes. Name of Person_____.
        Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _Micah A. Solomon_          ✗ _____
Signature of Debtor 1                    Signature of Debtor 2

Date   __02/01/2019__              Date   _____
        MM / DD / YYYY                           MM / DD / YYYY

Contact phone  __(267) 0__          Contact phone  _____

Cell phone  __(267) 326-2323__       Cell phone  _____

Email address  __austenacd.unaduti@gmail.com__   Email address  _____

24

# EXHIBIT - C

# EXHIBIT - D

$\mathcal{U}_{\wp}$

# Notice of Judgment/Transcript

## District Court 38-1-21 <DC38121@montcopa.org>

Fri 2/15/2019 1:20 PM

To: Micah A. Solomon <micah.solomon@norfgroup.com>;

📎 1 attachments (223 KB)

Untitled_02152019_011702.pdf;

Good afternoon,

Attached please find the paperwork you requested.

DC 38-1-21

$27$

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY



# NOTICE OF JUDGMENT/TRANSCRIPT
## Residential Lease

| | |
|---|---|
| Mag. Dist. No: | MDJ-38-1-21 |
| MDJ Name: | Honorable Suzan Leonard |
| Address: | 653 Skippack Pike<br>Suite 101<br>Blue Bell, PA 19422 |
| Telephone: | 215-646-8201 |

Korman Communities
v.
Micah Solomon, Andrea Solomon

Micah Solomon
1510 Meadow Drive
Blue Bell, PA 19422

Docket No: MJ-38121-LT-0000014-2019
Case Filed: 1/23/2019

## Disposition Details

| | |
|---|---|
| Grant possession. | Yes |
| Grant possession if money judgment is not satisfied by the time of eviction. | No |

### Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-38121-LT-0000014-2019 | Korman Communities | Micah Solomon | Judgment for Plaintiff | 02/05/2019 |
| MJ-38121-LT-0000014-2019 | Korman Communities | Andrea Solomon | Judgment for Plaintiff | 02/05/2019 |

### Judgment Summary

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| Andrea Solomon | $8,512.55 | $0.00 | $8,512.55 |
| Korman Communities | $0.00 | $0.00 | $0.00 |
| Micah Solomon | $8,512.55 | $0.00 | $8,512.55 |

### Judgment Finding (*Post Judgment)

In the matter of Korman Communities vs. Micah Solomon; Andrea Solomon on MJ-38121-LT-0000014-2019, on 2/05/2019 the judgment was awarded as follows:

The amount of rent per month, as established by the Magisterial District Judge, is $3,875.00

| Judgment Component | Joint/Several Liability | Individual Liability | Deposit Applied | Amount |
|---|---|---|---|---|
| Rent in Arrears | 8,299.00 | $0.00 | | $8,299.00 |
| Filing Fees | 213.55 | $0.00 | | $213.55 |
| | | | Grand Total: | $8,512.55 |
| | Portion of judgment for physical damages arising out of residential lease: | | | $0.00 |

**Comments:** Pending Judgment on Micah Solomon-filed bankruptcy 2/1/19

28



Korman Communities

Docket No.: MJ-38121-LT-0000014-2019

v.

Micah Solomon, Andrea Solomon

IN AN ACTION INVOLVING A RESIDENTIAL LEASE, ANY PARTY HAS THE RIGHT TO APPEAL FROM A JUDGMENT FOR POSSESSION WITHIN TEN DAYS AFTER THE DATE OF ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF THE COURT OF COMMON PLEAS, CIVIL DIVISION. THIS APPEAL WILL INCLUDE AN APPEAL OF THE MONEY JUDGMENT, IF ANY. IN ORDER TO OBTAIN A SUPERSEDEAS, THE APPELLANT MUST DEPOSIT WITH THE PROTHONOTARY/CLERK OF COURTS THE LESSER OF THREE MONTHS RENT OR THE RENT ACTUALLY IN ARREARS ON THE DATE THE APPEAL IS FILED. HOWEVER, LOW-INCOME AND/OR SECTION 8 TENANTS SHOULD REFER TO Pa.R.C.P.M.D.J. NO. 1008 OR 1013 FOR DIFFERENT PROCEDURES REGARDING THIS DEPOSIT.

IF A PARTY WISHES ONLY TO APPEAL THE MONEY PORTION OF A JUDGMENT INVOLVING A RESIDENTIAL LEASE, THE PARTY HAS 30 DAYS AFTER THE DATE OF ENTRY OF JUDGMENT IN WHICH TO FILE A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURTS OF THE COURT OF COMMON PLEAS, CIVIL DIVISION.

THE PARTY FILING AN APPEAL MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THE NOTICE OF APPEAL. EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

2/5/19

Date

Susan Leonard

Magisterial District Judge Leonard

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge

FREE INTERPRETER
www.pacourts.us/language-rights
215-646-8201

Korman Communities
v.
Micah Solomon, Andrea Solomon

Docket No.: MJ-38121-LT-0000014-2019

# Participant List

**Plaintiff(s)**

Korman Communities
1560 Wick Lane
Blue Bell, PA 19422

**Defendant(s)**

Andrea Solomon
1510 Meadow Drive
Blue Bell, PA 19422

Micah Solomon
1510 Meadow Drive
Blue Bell, PA 19422

40

FREE INTERPRETER
www.pacourts.us/language-rights
215-646-8201

PROTHONOTARY OFFICE
MONTGOMERY COUNTY SWEDE
AND AIRY STREET NORRISTOWN
PA 19440 (610)278-3360

## PROCEDURE TO FILE NOTICE OF APPEAL FROM MAGISTERIAL DISTRICT COURT

1. The original Notice of Appeal is filed with the Prothonotary in the courthouse along with the filing fee
- See General Filing Procedures (Cash, Attorneys Check or Money Order) The Prothonotary will assign the appeal a docket number.

2. Along with the original appeal you will need; three (3) copies, Supreme Court Coversheet, Participant list, and a Stamped Self Addressed Envelope.

3. It will be the appellant's responsibility to serve copies of the appeal upon the Magisterial District Judge and the opposing party

4. If service of the appeal is made by certified mail, attach the senders receipts showing the parties you served by certified mail to the Proof of Service and return the same to the Prothonotary at the courthouse within the prescribed timeframe

**AT THIS POINT THERE ARE NO OTHER FORMS FOR YOU TO USE AND A HEARING DATE WILL NOT AUTOMATICALLY BE SET.**

**THE PROTHONOTARY STAFF CANNOT HELP YOU ANY FURTHER AND WE STRONGLY SUGGEST THAT YOU SEE AN ATTORNEY IN ORDER TO CONTINUE WITH YOUR APPEAL**

31

PRIF0030
R 10/14

| COMMONWEALTH OF PENNSYLVANIA | NOTICE OF APPEAL |
| COURT OF COMMON PLEAS | FROM |
| JUDICIAL DISTRICT | MAGISTERIAL DISTRICT COURT JUDGMENT |

COMMON PLEAS NO.

## NOTICE OF APPEAL

Notice is given that the appellant has filed in the above Court of Common Pleas an appeal from the judgment rendered by the Magisterial District Judge on the date and in the case mentioned below.

| Name of Appellant | MAG.DIST.NO. or Name of M.D.J. |
| --- | --- |

| ADDRESS OF APPELLANT | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |

| DATE OF JUDGMENT | IN THE CASE OF (Plaintiff) | (Defendant) |
| --- | --- | --- |

| CLAIM NO.  CV 20 _____  LT 20 _____ | SIGNATURE OF APPELLANT OR HIS ATTORNEY OR AGENT |
| --- | --- |

| This block will be signed ONLY when this notation is required under PA. R.C.P.J.P. No 1008B. This notice of Appeal, when received by the Magisterial District Judge, will operate as a SUPERSEDEAS to the judgment for possession in this case.  _____ Signature of Prothonotary or Deputy | If appellant was Claimant (see Pa. R.C.P.J.P No. 1001(6) in action before the Magisterial District Judge, he/she MUST FILE A COMPLAINT within twenty (20) days after filing his/hers NOTICE of APPEAL. |
| --- | --- |

## PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE

*(This section of form to be used ONLY when appellant was DEFENDANT (see Pa. R.C.P.J.P. No. 1001(7) in action before the Magisterial District Judge. If NOT USED, Detach from copy of notice of appeal to be served upon appellee.)*

PRAECIPE: To Prothonotary

Enter rule upon _____, appellee(s), to file a complaint in this appeal
                         *Name of appellee(s)*

(Common Pleas No. _____) within twenty (20) days after service of rule or suffer entry of judgment of non pros.

*Signature of appellant or his attorney or agent*

RULE: To _____, appellee(s)
         *Name of appellee(s)*

(1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service or by certified registered mail.

(2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS WILL BE ENTERED AGAINST YOU.

(3) The date of service of this rule if service was by mail is the date of mailing.

Date: _____, 20_____.        _____
                                                  *Signature of Prothonotary or Deputy*

YOU MUST INCLUDE A COPY OF THE NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THIS NOTICE OF APPEAL

32

Revised 10/14

## PROOF OF SERVICE OF NOTICE OF APPEAL AND RULE TO FILE COMPLAINT

(This proof of service MUST BE FILED WITHIN TEN (10) DAYS AFTER filing the notice of appeal. Check applicable boxes.)

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF_____ ; ss

**AFFIDAVIT:**   I hereby swear or affirm that I served:

Ⓐ  A copy of the Notice of Appeal, Common Pleas No. _____, upon the Magisterial District Judge designated

therein on

*(date of service)* _____, 20_____, Ⓑ by personal service Ⓒ by (certified) (registered) mail, sender's receipt

attached  hereto and upon the appellee, *(name)* _____

on _____, 20_____, Ⓓ by personal service Ⓔ by (certified) (registered) mail, sender's receipt attached

hereto.

Ⓕ  And further that I served the Rule to File a Complaint accompanying the above Notice of Appeal upon the appellee(s) to

whom the Rule was addressed on _____, 20_____, Ⓖ  by personal service Ⓗ  by (certified) (registered) mail,

sender's receipt attached hereto.

## SWORN (AFFIRMED) AND SUBSCRIBED BEFORE ME

THIS DAY OF_____, 20_____

_____
*Signature of affiant*

_____
*Signature of official before whom affidavit was made*

*Title of official*

My commission expires on _____, 20_____

33

Revised 10/14

# EXHIBIT - E

34

**NANCY D. WASSER, ESQUIRE**
**Identification No. 23363**
**5401 Wissahickon Avenue**                        Attorney for Plaintiff
**Philadelphia, PA 19144**
**(215) 864-9333**
**FAX: (215) 864-0188**
**e-mail: nancy.wasser@comcast.net**

_____

**KORMAN COMMUNITIES**                    **MONTGOMERY COUNTY**
**for AVE Blue Bell**                              **COURT OF COMMON PLEAS**
**1560 Wick Lane**
**Blue Bell, PA 19422**
                                    **v.**

**MICAH SOLOMON and**                        **NO. 2019-03162**
**ANDREA SOLOMON**
**1510 Meadow Drive**                            **Defendants' appeal from**
**Blue Bell, PA 19422**                            **MDJ 38121-LT-0000014-2018**

## COMPLAINT-CIVIL ACTION
## APPEAL FROM DISTRICT JUSTICE

### "NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MONTGOMERY COUNTY BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERV.
100 w. Airy Street
Norristown, PA 19404
(610) 275-5291"

### "AVISO

"Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plaza al partir de la feche de la demande y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
100 W. Airy Street
Norristown, PA 194047
Telefono: (610) 275-5291"

35

**NANCY D. WASSER, ESQUIRE**
Identification No. 23363
**5401 Wissahickon Avenue**          Attorney for Plaintiff
Philadelphia, PA 19144
**(215) 864-9333**
**FAX: (215) 864-0188**
**e-mail: nancy.wasser@comcast.net**

---

**KORMAN COMMUNITIES**              **MONTGOMERY COUNTY**
**for AVE Blue Bell**               **COURT OF COMMON PLEAS**
**1560 Wick Lane**
**Blue Bell, PA 19422**
                    **v.**

**MICAH SOLOMON and**               **NO. 2019-03162**
**ANDREA SOLOMON**
**1510 Meadow Drive**               **Defendants' appeal from**
**Blue Bell, PA 19422**             **MDJ 38121-LT-0000014-2018**

### COMPLAINT-CIVIL ACTION
### APPEAL FROM DISTRICT JUSTICE

1.     Plaintiff is agent for AVE Blue Bell which owns the real property known as

1510 Meadow Drive, Blue Bell, PA 19422.

2.     Defendants are adult individuals who reside at 1510 Meadow Drive, Blue

Bell, PA 19422.

3.     On or about September 30, 2018, defendants entered into a corporate suite

contract/written Lease for the rental of 1510 Meadow Lane, Blue Bell, PA 19422. The

term of the Lease was commencing on September 30, 2018 and ending on October 29,

2018 at a monthly rental of $3,875 ($125 per day for 30 days) payable on the first of each

month with a charge of 5% of the total due if rent is not paid within 30 days of the first day

of each billing period. A true and correct copy of the Corporate Suite Contract/Lease

("the Lease") is marked Exhibit "1" and attached.

36

4.    The Lease was renewed for several months until Defendants' check for

$4,000 was returned as dishonored by their credit union because the account had been

closed and was not valid.

5.    Defendants who remain in possession have failed to pay rent for December

2018 through February 2019.

6. By letter dated January 15, 2019 hand delivered to Defendants, Plaintiff gave

Defendants fifteen (15) days' notice of termination of the Lease. A copy of the letter is

attached as Exhibit 2.

7.    Defendants remain in possession.

8.    Pursuant to paragraph 3 of the Lease, Plaintiff is entitled to 5% of the

current amount due – an additional $581.25 as of this date.

WHEREFORE, plaintiff demands judgment for possession based on termination of

term, non-payment of rent, $11,625 as of this date, ongoing rent, 5% of the amount due

and costs all of which is not in excess of FIFTY THOUSAND DOLLARS ($50,000.00).


NANCY D. WASSER
Attorney for Plaintiff

Dated:    2 /23/19

## VERIFICATION

JOYCE LANG, General Manager of Korman Communities, 1560 Wick Lane,
Blue Bell, A 19422, verifies that the facts set forth in the foregoing Complaint – Civil
Action are true and correct to the best of my knowledge, information and belief. I
understand that this verification and the facts herein alleged are subject to the penalties
provided by 18 Pa.C.S. Section 4904 (unsworn falsification to authorities).

_____
JOYCE LANG

Dated: 2/22/2019

38

# EXHIBIT 1

39



## CORPORATE SUITE CONTRACT

This agreement dated <u>September 30, 2018</u> is between <u>AVE Blue Bell</u> (hereinafter call "Landlord") and <u>AVE Individual/Solomon</u> (hereinafter called "Resident") and concerns the occupancy of a suite at <u>AVE Blue Bell</u> commencing on <u>Sep 30, 2018</u> and terminating on <u>Oct 29, 2018</u>. The parties agree as follows:

(1) Resident shall pay to the Management Company a daily rate of $ <u>125.00</u> plus applicable tax for occupancy of said suite. This rate is based on a 30-day minimum stay. This is a non-smoking building.

(2) The sum set forth in paragraph #1 is to be paid on or before the move-in date. The move-in date is the due date for all subsequent payments during the term of this contract and any extensions thereof. Payments are to be made payable to Landlord and mailed/delivered to the On-Site Management Office.

(3) Time is of the essence as to the payment of the above sum. Failure to pay the full sum rental due within 30 days of the first day of each billing period will serve as a default in this contract requiring the Resident to pay 5% of the current month invoice and giving Landlord the right to exercise all, proper remedies under the law at the time of executing the contract. These remedies are in addition to the rights to sue for damages and for eviction and possession.

(4) The suite is to be used solely by Resident and may not be used by any other person, organization or business. Said premises are to be used solely as a private dwelling and may not be sublet.

(5) Should Landlord be unable to give full possession of the premises to the Resident at any time during the term of this contract, damages shall be limited to a proportional abatement of the sum set forth in paragraph #1 above.

(6) Landlord shall furnish hot and cold water, gas and/or electricity for cooling and heating as is required in the opinion of Landlord. Failure to supply such services shall not result in any liability whatsoever by Landlord to Resident. Landlord shall not be responsible to Resident for the failure of Landlord to supply any service whether express or implied.

(7) Landlord, through its agents, servants and/or employees, has full right of access to the premises to enforce the terms of this contract, to make repairs and alterations and to show the suite for business purposes, giving the Resident 24 hours notice prior to such showing.

(8) To the extent internet access is provided in the suite contracted for by the Resident or internet access is provided elsewhere on the premises in which the suite is located, internet usage is provided to Resident as a license only and may be revoked at any time in Owner's sole and absolute discretion. Internet usage is limited to personal and non-commercial uses only and web servicing or hosting, acting as a proxy, providing internet service to others or other uses that use excess amounts of bandwith (as determined by Landlord in its sole and absolute discretion) is prohibited.

(9) Resident agrees to accept as binding any and all restrictions stated by Landlord in writing if such property or activities affect the health, safety, quiet enjoyment, care, cleanliness of the premises, other Resident(s) and/or Landlord.

(10) At the end of the agreed upon period, the Resident will give full possession of the suite to Landlord in good order and repair and shall be liable for any and all necessary repairs and alterations. Resident shall promptly notify Landlord of any and all damages to the premises and to any of the property and appliances therein, including malfunctions. Any damages or theft will result in Resident's credit card being charged for repair or replacement with proper documentation provided by Landlord.

(11) EITHER PARTY MUST GIVE TO THE OTHER A MINIMUM OF FIFTEEN (15) DAYS WRITTEN NOTICE OF ITS INTENTION TO TERMINATE THIS CONTRACT AT THE END OF ITS TERM. FAILURE TO DO SO WILL RESULT IN THE EXTENSION OF THE CONTRACT FOR AN ADDITIONAL 30 DAYS UPON THE SAME TERMS, AND SO ON, UNTIL PROPER (15) DAYS NOTICE IS GIVEN.

R ⟋⟍ L _JAC_ _(initial)_

(12) Resident specifically releases and holds harmless Landlord, its agents, servants and employees from any and all liability for personal injury or property damage to Resident, any of Resident's family, guests, employees, agents and invitees arising from any cause whatsoever.

(13) Landlord agrees to have insurance on the building where the leased premises is located. Resident's own property in the leased suite is not insured by Landlord's insurance. Resident is responsible for Resident's own property that is located in the leased suite.

# AVE

(14) All notices are to be sent, to Landlord's office and to Resident by regular mail or hand delivery at its suite.

(15) Unless a separate Pet Addendum has been executed by Landlord and Resident, it is a breach of this Contract to have or maintain any animal in the suite. Resident also agrees that Resident will not allow Resident's family or guests or any others to have pets in the suite. Failure to comply with this provision shall constitute a breach of this lease.

(16) Default is defined as a breach of any of the terms of this contract as each term is essential. In addition, the filing by Resident of a Petition for Bankruptcy or Reorganization shall also serve as a default.

(17) The invalidity of any paragraph or portion of any paragraph of this contract shall not affect the validity of the remainder of the contract. Waiver of any term shall not serve as a continuing waiver of that term.

(18) The Resident does hereby consent to any financing or re-financing which Landlord or owner has arranged or may desire to arrange and does hereby covenant and agree that at the sole option of the mortgage or lien holder, any mortgage or other liens created by such Landlord shall be senior and superior to this contract, and that at the option of any such mortgage or lien holder the rights of any such mortgages or lien holder shall be superior to and senior to any rights of the Resident. Resident agrees to give any release, which may be necessary or proper in such case. Resident also waives any claim for damages, which may arise because of interruption of peaceful possession related to rights superior to this contract.

(19) This Contract is being executed by Korman Communities as agent or sub-agent for the owner of the Contracted Suite, and Korman Communities is not responsible for any actions, which the owner takes or fails to take under this Contract. If the ownership of the Contracted Suite changes, the new owner will be responsible for the obligations of the Landlord under this Contract arising after the transfer occurs, and the old owner transferring it will no longer be responsible for any of the Landlord's obligations under this Contract after the date of the transfer. By executing this Contract, the Resident agrees that Korman Communities is the sole and procuring cause of this Contract (the "Agent"), and agrees to permit the Agent to retain this Contract and collect all rentals and other monies due from the Resident under this Contract for the Contract Suite and for any other Contract Suite now or later occupied by the Resident in the Development, as provided in the agreement between the Agent and the owner of the Contract Suite, for the term of this Contract and any subsequent Contract or continuation or renewal of this Contract. If commissions are payable under that agreement after this Contract is signed, the rents under this Contract are assigned by the owner to the Agent (subject to the rights of the holder of any mortgage on the community of which the Contract Suite is a part), and the Agent may continue to collect the rent under this Contract and to retain it so long as is necessary to pay those commissions.

By: _____
Landlord's Signature

By: _____
Authorized Signature of Agent / Resident

By: _____
Resident

41

# EXHIBIT 2   42



January 15, 2019

Micah and Andrea Solomon
1510 Meadow Drive
Blue Bell, PA 19422

RE: Lease Termination

Dear Mr. and Mrs. Solomon,

Pursuant to Paragraph #11 of your lease agreement, either the Landlord or Tenant may terminate your lease effective September 30, 2018 by giving fifteen (15) calendar days' notice as required under that Paragraph.

This letter is to notify you that the Landlord, Blue Bell Villas, is exercising the right to terminate the lease as of the above date. It will not be renewed or extended beyond **January 29, 2019**.

You are reminded that you are required to vacate your apartment, return all keys, leave the apartment in the condition it was received (less reasonable wear and tear only) and provide your forwarding address in writing by that date.

Please contact me if you have any further questions.

Regards,

Emily Dorner
Assistant Manager
Blue Bell Villas

**CC: File. Hand Delivered and Mailed 1.15.19**

ф ろ

Blue Bell Villas | 1560 Wick Lane Blue Bell, PA 19422| P: 610.275.5265 | E: edorner@aveliving.com

**NANCY D. WASSER, ESQUIRE**
**Identification No. 23363**
**5401 Wissahickon Avenue**                    Attorney for Plaintiff
**Philadelphia, PA 19144**
**(215) 864-9333**
**FAX: (215) 864-0188**
**e-mail: nancy.wasser@comcast.net**

KORMAN COMMUNITIES                    MONTGOMERY COUNTY
for AVE Blue Bell                     COURT OF COMMON PLEAS
1560 Wick Lane
Blue Bell, PA 19422
                              v.

MICAH SOLOMON and                     NO. 2019-03162
ANDREA SOLOMON
1510 Meadow Drive                     Defendants' appeal from
Blue Bell, PA 19422                   MDJ 38121-LT-0000014-2018

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of Complaint – Civil Action

has been served on the following persons in the manner set forth below:

Micah Solomon
Andrea Solomon
1510 Meadow Drive
Blue Bell, PA 19422
(BY FIRST CLASS MAIL)

Date: 2/23/19

_____
NANCY D. WASSER

44

## CERTIFICATE OF SERVICE

I swear under penalties of perjury I have caused a copy of the foregoing Notice of Removal to be served on the attorneys for the Commonwealth of Pennsylvania, the Court of Common Pleas, Magisterial District #38-1-21, and the attorney for Korman Communities at the below listed addresses via U.S. Mail First Class.

Attorney General Josh Shapiro

PA Office of Attorney General

16th Floor, Strawberry Square

Harrisburg, PA 17120

District Attorney Kevin R. Steele

County Courthouse, 4th Floor

P.O. Box 311

Norristown, PA 19404-0311

Court of Common Pleas Montgomery County

Prothonotary's Office

2 E. Airy Street

Norristown, PA 19401

Nancy D. Wasser, Esq.

5401 Wissahickon Avenue

Philadelphia, PA 19144

This ___18th___ day of ___March___, 2019

Respectfully Submitted,

Micah A. Solomon

45

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Commonwealth of Pennsylvania, 16th Floor, Strawberry Square, Harrisburg, PA 17120_

Address of Defendant: _Micah A. Solomon, 1510 Meadow Dr., Blue Bell, PA 19422_

Place of Accident, Incident or Transaction: _PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/18/19_       _____
           Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
  *(Please specify):* _Removal_

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____       _____       _____
           Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

46

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

*Commonwealth of Pennsylvania*     :     CIVIL ACTION
             v.               :
*Micah A. Solomon*     :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     (✗)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

_____      _____
3/18/19                                 
**Date**                                    **Pro Se Plaintiff**

484-460-3588                              micah.solomon@nora.prpup.com

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

47